### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### Northern Division

|  |  |
|---|---|
| **ISRAEL CONTRERAS, JAVIER CABALLERO, ANGEL CABALLERO;** | |
| Residents of Prince George's County | |
| **TOMY MENA and RAFAEL ALCARAZ CALDERON;** | |
| Residents of Baltimore County | Civil Action No. |
| **Plaintiffs,** | |
| c/o Murphy Anderson PLLC<br>1401 K Street NW, Suite 300<br>Washington, DC 20005 | |
| **v.** | |
| **CHARLES A. KLEIN AND SONS, INC., BOZZUTO & ASSOCIATES, INC., BOZZUTO CONSTRUCTION COMPANY, and CHRISTOPHER AT ELEMENT AT MILL CREEK LLC,** | |
| **Defendants.** | |

## COMPLAINT FOR UNPAID WAGES

1.  Plaintiffs Israel Contreras, Javier Caballero ("J. Caballero"), Angel Caballero ("A. Caballero"), Tomy Mena, and Rafael Alcaraz Calderon are plumbers who worked on two luxury apartment building construction projects.

2.  Despite building high-cost, luxury housing, Plaintiffs were cheated out of their due wages, denied minimum wage, denied wages for all hours worked up to forty in a

1

workweek, denied one-and-half-time pay for hours worked beyond forty, denied their agreed-upon wage, and misclassified as independent contractors.

3.       The first project, the Element at Mill Creek, is located at 78 Old Mill Bottom Road N. in Annapolis, Maryland ("the Element"). The cheapest available home at the Element sells for half a million dollars. The second, Luminary at One Light, is located at 100 E. Redwood St. in Baltimore, Maryland ("One Light") (collectively, the "Projects"). One-bedroom apartments at One Light rent for more than $2,400 per month.

4.       Defendants are construction contractors who worked on the Projects. Defendant Christopher at Element at Mill Creek LLC, which does business as Christopher Companies ("Christopher"), served as the Element general contractor. Bozzuto & Associates, Inc., and Bozzuto Construction Company (collectively, "Bozzuto") served as the One Light general contractor.

5.       Christopher and Bozzuto hired Defendant Charles A. Klein & Sons, Inc. ("Klein") to serve as a subcontractor on both Projects.

6.       Plaintiffs were employees of a subcontractor to Defendant Klein.

7.       Plaintiffs bring this individual wage theft action for relief stemming from these violations. Plaintiffs seek all available relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the Maryland Wage and Hour Law, Md. Code, Lab. & Empl. §§ 3-401 *et seq.* ("MWHL"); the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. §§ 3-501 *et seq.* ("MWPCL"); and the Maryland Workplace Fraud Act, Md. Code Ann., Lab. & Empl. §§3 -901 *et seq.* ("MWFA").

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. §1367 (supplemental jurisdiction).

9. This Court has supplemental jurisdiction over the Plaintiffs' state-law claims because they are so related to the federal FLSA claims that they form part of the same case or controversy under Article III, Section 2 of the United States Constitution.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

11. Plaintiff Israel Contreras is a Maryland resident. He provided plumbing services on both Projects from approximately August 2024 through November 2024.

12. Plaintiff Javier Caballero is a Maryland resident. He provided plumbing services at the Element from approximately August 2024 through November 2024.

13. Plaintiff Angel Caballero is a Maryland resident. He provided plumbing services at the Element from approximately August 2024 through November 2024.

14. Plaintiff Rafael Alcaraz Calderon is a Maryland resident. He provided plumbing services on both Projects from approximately June 2024 through February 2025.

15. Plaintiff Tomy Mena is a Maryland resident. He provided plumbing services on both Projects from approximately July 2024 through February 2025.

16. Defendant Charles A. Klein & Sons, Inc. is a Maryland corporation with its principal place of business located at 5220 Klee Mill Road, Sykesville, MD, 21784. Klein operated as a subcontractor to Defendant Christopher at the Element and to Defendant Bozzuto at One Light. Klein operates as a contractor on construction projects in Maryland, Washington,

D.C., Pennsylvania, Delaware, and New Jersey, specializing in commercial and residential plumbing, heating, air conditioning, and ventilation work. At all relevant times, Klein has been an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA and has earned more than $500,000 in annual gross income, volume of sales made, or business done. At all relevant times, Klein has had two or more employees engaged in commerce and who handle and otherwise work on goods or materials that have been moved in or produced for commerce, including construction materials that were manufactured out of state.

17.     Defendant Bozzuto & Associates, Inc. is a Maryland corporation with its principal place of business located at 6406 Ivy Lane, Suite 700, Greenbelt, MD 20770. Bozzuto & Associates operates as the prime contractor at One Light. Bozzuto & Associates operates as a general contractor on construction projects in many states including Maryland, Virginia, and Washington, D.C. At all relevant times, Bozzuto & Associates has been an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA and has earned more than $500,000 in annual gross income, volume of sales made, or business done. At all relevant times, Bozzuto & Associates has had two or more employees engaged in commerce and who handle and otherwise work on goods or materials that have been moved in or produced for commerce, including construction materials that were manufactured out of state.

18.     Defendant Bozzuto Construction Company is a Maryland corporation with its principal place of business located at 6406 Ivy Lane, Suite 700, Greenbelt, MD 20770. Bozzuto Construction served as the general contractor on One Light. At all relevant times, Bozzuto Construction has been an enterprise engaged in interstate commerce or in the production of

goods for commerce within the meaning of the FLSA and has earned more than $500,000 in annual gross income, volume of sales made, or business done. At all relevant times, Bozzuto Construction has had two or more employees engaged in commerce and who handle and otherwise work on goods or materials that have been moved in or produced for commerce, including construction materials that were manufactured out of state.

19.    Defendant Christopher at Element at Mill Creek LLC, which does business as Christopher Companies, is a Virginia corporation with its principal place of business located at 10461 White Granite Drive, Suite 250, Oakton, VA, 22124. Christopher operates as a general contractor on construction projects in Maryland, Northern Virginia and Delaware, specializing in building luxury homes and apartment buildings. Christopher served as the general contractor at the Element. At all relevant times, Christopher has been an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA and has earned more than $500,000 in annual gross income, volume of sales made, or business done. At all relevant times, Christopher has had two or more employees engaged in commerce and who handle and otherwise work on goods or materials that have been moved in or produced for commerce, including construction materials that were manufactured out of state.

## FACTUAL BACKGROUND

**The Element at Mill Creek**

20.    Defendant Christopher served as the general contractor at the Element at Mill Creek, a luxury condominium community located at 78 Old Mill Bottom Road N., Annapolis, MD. Its website describes the Project as a community with 140 "luxury elevator condominiums" for active adults 55 years or older.

21.    Christopher subcontracted to Klein to perform HVAC and plumbing work on the Project.

22.    All Plaintiffs worked at the Element. They were denied minimum and overtime wages as well as all wages owed at the promised wage rate.

23.    The federal minimum wage for the period Plaintiffs worked on the Project was $7.25. The Maryland minimum wage for the period Plaintiffs worked on the Project was $15.00.

24.    Plaintiffs' work consisted of typical plumbing tasks on a construction site. Plaintiffs' work was directly overseen by a Klein foreman.

25.    Plaintiffs do not have their own plumbing or construction business. Plaintiffs' plumbing work was within the core of Klein's usual business.

26.    Klein served as Plaintiffs' joint employer on the Element. Klein controlled Plaintiffs' work on the Project. It told Plaintiffs what tasks to complete and how to complete them, and it supervised their work on site.

27.    Klein's foreman, John Franks, provided Plaintiffs their daily assignments and directed their work. Franks frequently instructed Plaintiffs on how to perform assignments and to clean up job sites.

28.    Franks often communicated these instructions through texts with Plaintiff J. Caballero, who translated Franks' instructions from English to Spanish for his Spanish-speaking coworkers. In one such text, reproduced below, Franks instructed J. Caballero that he and his coworkers must complete various work assignments, including installing bathtubs, as soon as possible.



29.     Klein required Plaintiffs to record their hours worked on sign-in sheets bearing the name Charles A. Klein & Sons every day. It also required Plaintiffs to submit daily pictures of the crew working on the Project.

30.     Klein knew that Plaintiffs were being underpaid. On behalf of his coworkers, Plaintiff Contreras informed Franks that they were not being paid the correct wages. Franks told Contreras that he could do nothing about it.

**Luminary at One Light**

32.     Luminary at One Light is a luxury apartment building located at 100 East Redwood St., Baltimore, MD. MadisonMarquette, a commercial real estate company, owns and developed the building.

33.     MadisonMarquette hired Defendant Bozzuto to serve as the general contractor on the Project.

34.     Bozzuto subcontracted to Klein for HVAC and plumbing work on One Light.

35.    Plaintiffs Contreras, Alcaraz and Mena ("One Light Plaintiffs") were denied earned minimum and overtime wages as well as all wages owed at the promised rate.

36.    One Light Plaintiffs' work consisted of typical plumbing tasks on a construction site. Their work was directly overseen by foreman.

37.    Plaintiffs do not have their own plumbing or construction business. Plaintiffs' plumbing work was within the core of Klein's usual business.

38.    Klein served as One Light Plaintiffs' joint employer on One Light. Klein controlled One Light Plaintiffs' work.

39.    Klein's foreman directly instructed One Light Plaintiffs by giving them assignments and telling them how to complete their work.

40.    The foremen often texted Plaintiff Alcaraz directly with directions to relay to his coworkers. One such example is shown below:



**Plaintiff Israel Contreras**

41.     Mr. Contreras was hired to and did perform plumbing work at the Element from approximately August 2024 to November 2024.

42.     Mr. Contreras was required to perform plumbing work on the Element from 7:00 a.m. to 3:30 p.m. on Mondays through Fridays, with an unpaid 30-minute lunch break. He installed plumbing systems, including installing water and drain lines, sinks, toilets, bathtubs, and other fixtures, and testing pipes to ensure proper functioning.

43.     Mr. Contreras was required to perform similar plumbing work on One Light for approximately two days in October 2024, from 7:00 a.m. to 3:30 p.m., with an unpaid 30-minute lunch break.

44.     At both sites, Mr. Contreras' promised wage was $25 per hour, to be paid every two weeks.

45.     Frequently Mr. Contreras was not paid on time or in full. He often received less than the agreed-upon wage and less than the Maryland and federal minimum wages. And when he was paid, he was paid in cash, or occasionally through the online digital payments platform Zelle. Mr. Contreras did not receive paystubs.

46.     Mr. Contreras did not receive records of his hours worked or wages paid.

47.     Mr. Contreras was misclassified as an independent contractor. No deductions were made from his pay for income tax, Federal Insurance Contributions Act, Federal Unemployment Tax Act, or other state or federal payroll taxes.

48.     Mr. Contreras is owed approximately $2,000 in unpaid wages for his work on the Element.

**Plaintiff Javier Caballero**

49.    Mr. J. Caballero was hired to and did perform plumbing work at the Element from approximately August 2024 to November 2024. This work required him to install plumbing systems, including installing water and drain lines, sinks, toilets, bathtubs, and other fixtures, and testing pipes to ensure proper functioning.

50.    Mr. J. Caballero was required to work at the Element from at least 7:00 a.m. to 3:30 p.m., Mondays through Fridays, with an unpaid 30-minute lunch break.

51.    Over the course of Mr. J. Caballero's work on the Element, he often worked beyond that standard schedule for a total of more than 40 hours in a given workweek.

52.    Mr. J. Caballero never received one-and-a-half times his promised rate of pay for his hours worked over 40 in a workweek.

53.    Mr. J. Cabellero's promised wage was $31 per hour, to be paid every week.

54.    Frequently, Mr. J. Caballero was not paid on time or in full. And for approximately three weeks, he received no pay at all. When he was paid, he was paid in cash at a rate less than the agreed-upon wage and less than the Maryland and federal minimum wages. Mr. J. Caballero did not receive paystubs.

55.    Mr. J. Caballero did not receive records of his hours worked or wages paid.

56.    Mr. J. Caballero was misclassified as an independent contractor. No deductions were made from his pay for income tax, Federal Insurance Contributions Act, Federal Unemployment Tax Act, or other state or federal payroll taxes.

57.    Mr. J. Caballero is owed approximately $3,000 in unpaid wages for his work on the Element.

**Plaintiff Angel Caballero**

58.     Mr. A. Caballero was hired to and did perform plumbing work at the Element from approximately August 2024 to November 2024. This work required him to install plumbing systems, including installing water and drain lines, sinks, toilets, bathtubs, and other fixtures, and testing pipes to ensure proper functioning.

59.     Mr. A. Caballero was required to work at the Element from 7:00 a.m. to 5:00 p.m., Mondays through Fridays, with an unpaid 30-minute lunch break, thereby working more than 40 hours in a workweek. He also occasionally worked Saturday shifts.

60.     Mr. A. Caballero never received one-and-a-half times his promised rate of pay for his hours worked over 40 in a workweek.

61.     Mr. A. Caballero's promised wage was $27 per hour, to be paid every two weeks.

62.     Frequently, Mr. A. Caballero was not paid on time or in full. For approximately three weeks of work, he received no pay at all. When he was paid, he was paid in cash at a rate less than the agreed-upon promised wage and less than the federal and Maryland minimum wages. Mr. A. Caballero did not receive paystubs.

63.     Mr. A. Caballero did not receive records of his hours worked or wages paid.

64.     Mr. A. Caballero was misclassified as an independent contractor. No deductions were made from his pay for income tax, Federal Insurance Contributions Act, Federal Unemployment Tax Act, or other state or federal payroll taxes.

65.     Mr. A. Caballero is owed approximately $5,000 in unpaid wages for his work on the Element.

**Plaintiff Rafael Alcaraz Calderon**

66.    Mr. Alcaraz was hired to and did perform plumbing work at both Projects from approximately June 2024 to February 2025. This work required him to install plumbing systems, including installing water and drain lines, sinks, toilets, bathtubs, and other fixtures, and testing pipes to ensure proper functioning.

67.    At both Projects, Mr. Alcaraz was required to work from 7:00 a.m. to 3:30 p.m., Mondays through Fridays, with an unpaid 30-minute lunch break. However, he was often required to work later than 3:30 p.m., for a total of ten or twelve hours a day.

68.    Over the course of Mr. Alcaraz's work on the Projects, he frequently worked more than 40 hours in a workweek.

69.    Mr. Alcaraz never received one-and-a-half times his regular rate of pay for his hours worked over 40 in a workweek.

70.    Mr. Alcaraz's promised wage was $26 per hour, to be paid every two weeks.

71.    Frequently, Mr. Alcaraz was not paid on time or in full. And for some weeks, he was paid nothing at all. When he was paid, he was paid in cash often at a rate less than the agreed-upon wage and less than the Maryland minimum wage. Mr. Alcaraz did not receive paystubs.

72.    Mr. Alcaraz did not receive records of his hours worked or wages paid.

73.    Mr. Alcaraz was misclassified as an independent contractor. No deductions were made from his pay for income tax, Federal Insurance Contributions Act, Federal Unemployment Tax Act, or other state or federal payroll taxes.

74.    Mr. Alcaraz is owed approximately $10,500 in unpaid wages for his work on the Projects.

**Plaintiff Tomy Mena**

75.     Mr. Mena was hired to and did perform plumbing work on the One Light from approximately July 2024 to February 2025. This work required him to install plumbing systems, including installing water and drain lines, sinks, toilets, bathtubs, and other fixtures, and testing pipes to ensure proper functioning.

76.     Mr. Mena was also hired to perform similar plumbing work at the Element from approximately August 2024 to February 2025.

77.     From July 2024 until August 2024, Mr. Mena worked only on the One Light Project. He was required to work from 6:00 a.m. to 2:30 p.m., Mondays through Fridays, with an unpaid 30-minute lunch break.

78.     From August 2024 until February 2025, Mr. Mena worked on both Projects.

79.     During that period, Mr. Mena worked his usual schedule of 6:00 a.m. to 2:30 p.m., Mondays through Fridays, and an additional eight hours nearly every Saturday. In total, Mr. Mena worked 48 hours nearly every week during this period.

80.     Over the course of Mr. Mena's work on the Projects, he frequently worked more than 40 hours in a given workweek.

81.     Mr. Mena never received one-and-a-half times his regular rate of pay for his hours worked over 40 in a workweek.

82.     Mr. Mena's promised wage was $18 per hour, to be paid every two weeks.

83.     Mr. Mena frequently was not paid on time or in full. He was primarily paid in cash and occasionally through Zelle. He often received much less than the agreed-upon wage and less than the Maryland and federal minimum wages. Mr. Mena did not receive paystubs.

84.     Mr. Mena did not receive records of his hours worked or wages paid.

85.     Mr. Mena was misclassified as an independent contractor. No deductions were made from his pay for income tax, Federal Insurance Contributions Act, Federal Unemployment Tax Act, or other state or federal payroll taxes.

86.     Mr. Mena is owed approximately $7,000 in unpaid wages for his work on the Projects.

### COUNT I
### Violation of FLSA, 29 U.S.C. § 206(a) (Minimum Wage)
### (All Plaintiffs against Defendant Klein)

87.     Plaintiffs repeat and incorporate by reference all allegations set forth above.

88.     Defendant Klein violated the FLSA by paying all Plaintiffs less than the federal minimum wage of $7.25 per hour.

89.     At all relevant times, Klein failed to maintain proper time and payroll records as required by Section 211(c) of the FLSA and failed to make legally required payments for Social Security and Medicare on behalf of all Plaintiffs as mandated by the FLSA.

90.     Klein's violations were willful and were not the result of a good-faith, reasonable error as evidenced by, among other things, its failure to ensure Plaintiffs were properly classified as employees despite controlling all aspects of their work, its failure to ensure Plaintiffs were paid all wages due when it knew or should have known that it was legally required, and Plaintiffs' direct conversation with Klein's representative telling him that they were underpaid.

91.     As a result of Klein's intentional, willful and unlawful acts, they are liable to Plaintiffs for all unpaid minimum wages, plus an additional equal amount as liquidated damages, pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), as well as for interest and reasonable attorneys' fees and costs, and any such other relief this Court deems appropriate.

14

## COUNT II
### Violation of FLSA, 29 U.S.C. § 207(a) (Overtime and Overtime Gap Time)
### (Plaintiffs J. Caballero, A. Caballero, Alcaraz and Mena against Defendant Klein)

92.    Plaintiffs repeat and incorporate by reference all allegations set forth above.

93.    Defendant Klein violated the FLSA by failing to pay Plaintiffs J. Caballero, A. Caballero, Alcaraz and Mena the legally required overtime premium for all hours worked beyond 40 in a workweek and their regular wages for hours worked up to 40 in weeks when they worked more than 40 hours.

94.    Klein's violations were willful and were not the result of a good-faith, reasonable error as evidenced by, among other things, its failure to ensure Plaintiffs were properly classified as employees despite controlling all aspects of their work, its failure to ensure Plaintiffs were paid all wages due when it knew or should have known that it was legally required, and Plaintiffs' direct conversation with Klein's representative telling him that they were underpaid.

95.    As a result of Defendant Klein's intentional, willful and unlawful acts, it is liable to Plaintiffs J. Caballero, A. Caballero, Alcaraz and Mena for all unpaid overtime wages, plus an additional equal amount as liquidated damages, pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), as well as for interest and reasonable attorneys' fees and costs, and any such other relief this Court deems appropriate.

## COUNT III
### Violation of MWHL, Md. Code, Lab. & Empl. §§ 3-401 *et seq.*
### (All Plaintiffs against Defendant Klein)

96.    Plaintiffs repeat and incorporate by reference all allegations set forth above.

97.    Defendant Klein unlawfully failed or refused to pay Plaintiffs Contreras, J. Caballero, and A. Caballero the applicable minimum wage rate for their work at the Element.

15

98.     Klein unlawfully failed or refused to pay Plaintiffs Mena and Alcaraz the applicable minimum wage rate for their work at One Light.

99.     Klein unlawfully failed or refused to pay Plaintiffs J. Caballero, A. Caballero, Mena and Alcaraz the legally required overtime premium for all hours worked beyond 40 in a workweek for their work at the Element.

100.     Klein unlawfully failed or refused to pay Plaintiffs Mena and Alcaraz the legally required overtime premium for all hours worked beyond 40 in a workweek for their work at One Light.

101.     Klein did not act in good faith and with a reasonable belief that the wages paid to Plaintiffs were the wages required under the MWHL

102.     Klein is liable to all Plaintiffs for all unpaid minimum and overtime wages, plus an equal amount as liquidated damages, interest, and reasonable attorneys' fees and costs under §§ 3-427(a) and (d) of the MWHL, and any such other relief this Court deems appropriate.

**COUNT IV**
**Violation of MWPCL, Md. Code, Lab. & Empl. §§ 3-501 *et seq.***
**(All Plaintiffs against Defendants Klein and Christopher)**
**(Plaintiffs Contreras, Mena and Alcaraz against Defendants Klein and Bozzuto)**

103.     Plaintiffs repeat and incorporate by reference all allegations set forth above.

104.     Plaintiffs were employees within the meaning of the MWPCL such that they are entitled to its protections.

105.     Defendant Klein was an employer within the meaning of the MWPCL and subject to its requirements.

106.     At all relevant times, Defendants Bozzuto and Christopher were general contractors of construction work performed by Defendant Klein and, pursuant to Section 3-

5072(c) of the MWPCL, are jointly and severally liable for their subcontractor's violations of the MWPCL for work performed for the benefit of that Defendant.

107. The MWPCL requires Defendants to pay Plaintiffs the greater of (a) the wages they were promised; (b) the prevailing wage rate required by state or county law; or (c) for qualifying hours, the overtime rate required pursuant to state and federal law.

108. Defendants failed or refused to timely pay Plaintiffs all wages due and their required wage for all hours they worked, including federal and state minimum wages, regular wages at their promised rate and overtime wages for hours worked over 40 in a workweek.

109. Defendants' unlawful failure or refusal to timely pay Plaintiffs all their earned wages was not in good faith, was not reasonable, did not result from a legitimate dispute over the validity of their claims or the amounts they were owed, and was not otherwise the result of a bona fide dispute.

110. Plaintiffs suffered consequential damages in the form of financial and emotional distress as a result of these failures. Defendants' failure to pay them fully and on time in accordance with the MWPCL lead to difficulty paying bills, rent, and other basic expenses for themselves and their families.

111. Pursuant to Section 3-507.2 of the MWPCL, Defendant Klein is liable for three times Plaintiffs' unpaid wages, interest, attorneys' fees, costs, and any other such relief this Court deems appropriate.

112. Pursuant to Section 3-507.2 of the MWPCL, Defendant Bozzuto is liable to Plaintiffs Contreras, Mena and Alcaraz for three times their unpaid wages, interest, attorneys' fees, costs, and any other such relief this Court deems appropriate, for work performed on its behalf.

113.    Pursuant to Section 3-507.2 of the MWPCL, Defendant Christopher is liable to Plaintiffs Contreras, J. Caballero and A. Caballero for three times their unpaid wages, interest, attorneys' fees, costs, and any other such relief this Court deems appropriate, for work performed on its behalf.

**COUNT V**
**Violation of MWFA, Md. Code, Lab. & Empl. §§ 3-901** *et seq.*
**(All Plaintiffs against Defendant Klein)**

114.    Plaintiffs repeat and incorporate by reference all allegations set forth above.

115.    At all relevant times, Klein was an "employer" within the meaning of the MWFA, Md. Code, Lab. & Emp., §3-901.

116.    At all relevant times, Klein employed Plaintiffs for "construction services" within the meaning of the MWFA, Md. Code., Lab. & Emp., §3-901.

117.    Section 3-903 of the MWFA prohibits employers from failing to classify their workers as employees when an employer-employee relationship exists.

118.    At all relevant times, Klein and Plaintiffs were in an employer-employee relationship within the meaning of the MWFA, Md. Code., Lab. & Emp., §3-901.

119.    Plaintiffs were knowingly misclassified as independent contractors, rather than as employees.

120.    Klein's is liable to Plaintiffs for four times Plaintiffs' unpaid wages, interest, and attorneys' fees and costs, pursuant to the MWFA, Md. Code, Lab. & Emp. §3-911(c), and for any such further relief this Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1. Grant judgment against Defendant Klein in favor of Plaintiffs in the amount of their unpaid wages, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b);

2. Grant judgment against Defendant Klein in favor of Plaintiffs in the amount of unpaid wages, plus an equal amount in liquidated damages, pursuant to the MWHL;

3. Grant judgment against Defendants Klein and Christopher, jointly and severally, in favor of Plaintiffs Contreras, J. Caballero and A. Caballero in the amount of unpaid wages, plus double damages, for work performed on Christopher's behalf, pursuant to the MWPCL;

4. Grant judgment against Defendants Klein and Bozzuto, jointly and severally, in favor of Plaintiffs Contreras, Mena and Alcaraz in the amount of unpaid wages, plus double damages, for work performed on Bozzuto's behalf, pursuant to the MWPCL;

5. Grant judgment against Defendant Klein in the amount of unpaid wages, plus treble damages, pursuant to the MWFA;

6. Award Plaintiffs prejudgment interest at the legal rate from the date of violations until judgment, and post-judgment interest at the legal rate thereafter;

7. Award Plaintiffs litigation costs, expenses, and attorneys' fees as provided under the FLSA, MWHL, MWPCL and MWFA; and

8. Grant such other relief as this Court deems just and proper.

Dated: March 16, 2026                          Respectfully submitted,

19

<div style="margin-left:50%">

/s/ Mark Hanna
Mark Hanna (16031)
Jennifer Vail (31433)
Murphy Anderson PLLC
1401 K Street NW, Suite 300
Washington, DC 20005
(202) 223-2620
mhanna@murphypllc.com
jvail@murphypllc.com

</div>

20